IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROL DILLAHAY,

                         **Plaintiff,**

v.                                  1:04-cv-0063-WSD

CITY OF EASTPOINT, et al.,

                         **Defendants.**

### ORDER

This matter is before the Court on Plaintiff's Motion for Reduction of Bill of Costs Due to Her Financial Resources (the "Cost Reduction Motion") [107].

### I.    BACKGROUND

Plaintiff seeks the Court to exercise its discretion to reduce the costs awarded to Defendants, which were assessed under Rule 54(d)(1) after summary judgment was entered against Plaintiff. The request is based on Plaintiff's claimed deteriorated financial resources. In support of her reduction request, Plaintiff has submitted three declarations. The first is Plaintiff's declaration, which consists of nine short statements in which Plaintiff asserts in conclusory fashion that she is "unemployed," lives with her sister, has "depleted any assets that [she] once had,"

"sold [her] home and [] used the money received for living expenses and legal expenses" and has "no assets." (Dillihay Decl., attached as Ex. 1 to Cost Reduction Mot., ¶¶ 3-9.) She also asserts that she did not file tax returns for 2004 and 2005 because she had no income to declare. (Id. ¶ 9.) Her sister, Jean Musselwhite, also submitted a declaration in which she states that Plaintiff lives with her, does not contribute to the household expenses and that any expenses Plaintiff has are paid for by Ms. Musselwhite and Plaintiff's mother. (Musselwhite Decl., attached as Ex. 2 to Cost Reduction Mot., ¶¶ 3-6.)

As directed by the Court during its June 5, 2006 telephone hearing on the Cost Reduction Motion, Plaintiff filed a further declaration in which she sets forth her efforts to find employment. (June 15, 2006 Dillihay Decl. [116].) Plaintiff recites that in the past few months she faxed resumes in response to newspaper advertisements for eleven positions with unnamed companies. (Id. ¶¶ 3-4.) Plaintiff also applied for positions at Wal-mart, Sam's Club and Toys R' Us. (Id. ¶ 2.) Her attempts to seek employment listed in her June 15, 2006 declaration all were made within the last eight months. Plaintiff was terminated in 2002. There is no evidence of her efforts to seek employment from 2002 until late 2005.

## II.  DISCUSSION

Plaintiff relies on Chapman v. AI Transport, 229 F.3d 1012 (11th Cir. 2000), for the proposition that "it is appropriate for the district court to consider the non-prevailing party's financial status as a factor in d4etermining [sic] the award of costs pursuant to Rule 54(d)."  (Cost Reduction Mot. at 2.)  A closer review of the Chapman case discloses a more complete approach to evaluating whether this Court should reduce the award of costs to Defendants.

In Chapman, the Eleventh Circuit considered whether a district court is authorized to consider a "non-prevailing party's financial resources, or the lack thereof, as a factor in calculating the amount of costs to be awarded." Chapman, 229 F.3d at 1038.  In considering this question, the Court observed that Rule 54(d)(1) "establishes a presumption that cost are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Id.  In exercising this discretion, the Court of Appeals advised that the

> discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, since denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation. To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.

Id. at 1039 (quotation and citation omitted).  The Court held:  "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of cost pursuant to Rule 54(d)."  Id.  "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay."  Id.

Plaintiff here has not presented sufficient information or reason for the Court to exercise its discretion to reduce the costs award.  The evidence presented to the Court is not detailed.  It does not disclose how and in what amounts Plaintiff's assets were disbursed after the sale of her home, does not advise what "legal expenses" she incurred,[1] and does not state whether she received and expended funds over the five years since she was terminated.  There is no evidence of any effort over the two years after she left Defendants to seek employment to put herself in a position to pay the obligations she incurred in connection with this case.  Plaintiff has not offered to pay any amount of the costs and has not requested to be allowed to pay costs over time in installments.  Her stated position is that she has no funds to pay any amount and it appears she requests  to be relieved of the

---

[1] The Court notes it has been advised by Plaintiff's counsel that they are handling this matter, including the pending appeal, on a contingent fee basis.

4

obligation in its entirety.

Under these circumstances, Plaintiff has not advanced any reasonable, credible basis for relieving her of the responsibility for Rule 54(d) costs. Defendants here were tasked with defending against claims that ultimately were dismissed. Their only compensation for prevailing is the award of costs and Plaintiff has not presented sufficient information or argument for the Court to absolve her of her obligation to pay costs in this case.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reduction of Bill of Costs Due to Her Financial Resources [107] is **DENIED**.

**SO ORDERED** this 27th day of June, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff still has available to her the opportunity to discuss with Defendants arrangements pursuant to which payments may be deferred or structured. The Court trusts Defendants would respond in good faith to Plaintiff's request to engage in such discussions.