IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL DILLAHAY,<br><br>         **Plaintiff,**<br><br>v.<br><br>CITY OF EAST POINT, et al.,<br><br>         **Defendants.** | 1:04-cv-0063-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Enter Judgment Dismissing Claims Against Hulett Widner (the "Judgment Motion") [120].

*Background*

This employment discrimination matter was filed on January 9, 2004, and proceeded through discovery.  On April 15, 2005, Defendants Housing Authority of East Point, Barbara Miller, Wanda Pierson, Ed Crumbley, Carrie Wisdom and Michael Kucharzak moved for summary judgment and summary judgment was entered in their favor on February 22, 2006 (the "February 22 Order").  Defendant Hulett Widner remained a defendant in the case.

On March 23, 2006, Plaintiff filed her notice of appeal of the February 22 Order.  On April 27, 2006, Plaintiff and Defendant Widner filed their Stipulation

of Dismissal of Claims Against Hulett Widner dismissing all claims with prejudice [110].  Also, on April 27, 2006, the Court, at the request of the parties, entered an order dismissing with prejudice all claims against Defendant Widner [112].  Plaintiff did not refile a notice of appeal after the Court entered the dismissal order.

On July 5, 2006, the Court of Appeals dismissed Plaintiff's appeal of the February 22 Order, on the grounds the February 22 Order "did not dispose of all of the claims against all of the parties or certify the order as final and appealable." [119].  The Court of Appeals found the February 22 Order was "not final and appealable," because Defendant Widner was still a party in the case.  The Circuit Court noted that although the claims against Defendant Widner later were dismissed, "the district court's dismissal order did not cure the appellant's premature notice of appeal."  (Id.)

Plaintiff's motion for entry of judgment apparently is in response to the Court of Appeals dismissal of Plaintiff's appeal for lack of jurisdiction.  In the pending motion, Plaintiff asks this Court to "direct the clerk of court to enter judgment dismissing all claims against Hulett Widner . . ." (Judgment Motion at 1.)  Presumably, Plaintiff believes that upon entry of judgment she will have thirty (30) days in which to file her notice of appeal of the February 22 Order.  Fed. R.

App. P. 4.

*Discussion*

The issue before the Court is whether it may enter judgment dismissing all claims against Hulett Widner, when such claims previously were dismissed pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

The specific issues to be addressed are: (i) the effect of the Rule 41(a)(1)(ii) dismissal filed on April 27, 2006; and, (ii) whether entry of judgment pursuant to Federal Rules of Civil Procedure 58 is appropriate or permitted. The Eleventh Circuit has not addressed these issues and there are no cases from other jurisdictions directly addressing them. Rules 41(a)(1) and 58, and cases interpreting them in other contexts, provide guidance regarding their application and effect in this case.

    a.  The Effect of the Rule 41(a)(1)(ii) Dismissal

Plaintiff claims a judgment is required to be entered pursuant to Federal Rules of Civil Procedure 58, with respect to the claims voluntarily dismissed by the parties on April 27, 2006. However, the dismissal filed on April 27, 2006, automatically terminated the action against Defendant Widner and this Court lost jurisdiction over the pending claims. William W. Schwarzer, A. Wallace Tashima

et. al, Federal Civil Procure Before Trial, § 16:325.5 (2004).  As one court has put it:  "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action has been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."  Commercial Space Management Co., Inc. v. The Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999).  That is, a Rule 41(a)(1) dismissal concludes immediately the litigation of the dismissed claims in that case.  Id.

That a Rule 41(a)(1)(ii) dismissal is final makes practical, as well as, legal sense.  In practice, a Rule 41(a)(1) dismissal is a voluntary act on the part of the parties to the litigation.  It is the procedural mechanism available to litigants to remove claims and parties from a case before there is an adjudication.  For example, a plaintiff may elect to remove claims from a case for strategic reasons or the parties may have reached a settlement in which they agree to dismiss claims and parties pursuant to Rule 41(a)(1).  When doing so, the parties filing the dismissal conclude the action without adjudicating the claims.

Upon reviewing the text of Rule 41(a)(1)(ii), the purpose of the rule, and examining the few cases and commentaries discussing Rule 41(a) and its purpose, the Court concludes that the dismissal of the claims against Defendant Widner was

final when the dismissal was filed. The Court further concludes that it did not have jurisdiction to take further action with request to the claims after they were dismissed on April 27, 2006, including by requiring entry of judgment.

      b. <u>Appropriateness of Entry of Judgment</u>

A judgment, as defined in the Federal Rules of Civil Procedure, "includes a decree and any order from which an appeals lies." Fed. R. Civ. P. 54(a). "The reference to an appealable order at the end of the first sentence in Rule 54(a) embraces two different types of orders. The first is a 'final decision' from which an appeal is permitted under Section 1291 of Title 28 and the second is any appealable interlocutory order." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2651 (3d. ed. 2004). Thus, a judgment is required to trigger the right to appeal. Judgment ordinarily is entered where there is an adjudication, that is, a decision by the Court or a verdict by a jury. <u>Id.</u> The question is whether a judgment is appropriate to be entered here.

The Plaintiff and Defendant Widner dismissed the claims against Widner by the filing of a Stipulation of Dismissal pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. The parties stipulated that the dismissal would be with prejudice and they requested the Court to enter an order dismissing the claims

against Defendant Widner with prejudice. Thus, as of April 27, 2006, this litigation was, as to all parties, concluded first by entry of the February 22 Order, followed by the Stipulation of Dismissal, dismissing with prejudice, the claims against Mr. Widner. Taken together, these orders effectively terminated the claims in this case. JETCO Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir. 1973) ("Nevertheless, these two orders, considered together, terminated this litigation just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders").[1]

Plaintiff, not having filed her notice of appeal in the time provided by the Federal Rules of Appellate Procedure, apparently requests the Court to direct the Clerk of Court to enter "judgment" against Mr. Widner for the purpose of setting a new date from which the time to file her notice of appeal will run. While the Court is sympathetic that the time to file Plaintiff's notice to appeal may have expired, the Federal Rules of Civil Procedure do not provide a basis for causing judgment

---

[1] Because the dismissal was with prejudice it could be appealed. Lewis v. Tel. Employee's Credit Union, 87 F.3d 1537, 1556 (9th Cir. 1996). Thus, there is no legal or practical basis for judgment now to be entered.

to be entered based on the April 27, 2006, stipulation of dismissal.  In fact, if the Court accommodated Plaintiff's request by entering judgment, the Court would effectively be extending the time in which a notice of appeal is permitted to be filed.  Restarting the period for filing an appeal notice is not envisioned by the Federal Rules and would be inconsistent with the policy interest of finality in litigation embedded in the Federal Rules of Civil and Appellate Procedure.  Final action in this litigation having been taken and entered as of April 27, 2006, and there being no further action justifying entry now of a judgment pursuant to Federal Rule of Civil Procedure 58(a).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enter Judgment Dismissing Claims Against Hulett Widner (the "Judgment Motion") [120] is **DENIED AS MOOT**.

**SO ORDERED** this 15th day of September, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE